IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

GARRET AND LISA KRASKA,

     Plaintiff

v.

STATE INSURANCE USA LLC.

     Defendant

_____/

## PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT & DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs, GARRET AND LISA KRASKA through the undersigned counsel, and hereby files this Complaint against Defendant STATE INSURANCE USA LLC, and as grounds therefore states as follows:

1.    This is a disputed flood insurance claim under the National Flood Insurance Program and, pursuant to 42 U.S.C. §4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), the United States District Court for the district in which the insured property is located is vested with original subject matter jurisdiction, without regard to the amount in controversy, over cases arising out of insurance claims arising under the National Flood Insurance Program.

2.  The Plaintiffs are the owners of residential property in Lee County.

3.      At all times material hereto, Defendant was an insurance company authorized to do business in the State of Florida and doing business in Lee County, Florida. Defendant is a "Write Your Own" insurance company, meaning it is a private insurer authorized by the Federal Emergency Management Agency to provide standard flood insurance policies in its own name.

4.      Prior to September 28, 2022, Plaintiff sought and purchased standard flood insurance from Defendant to cover the property located at 3191 Shell Mound Blvd, Ft Meyers Beach, Fl (hereinafter "Insured Property"). Said policy of insurance, which is believed to be policy number 09-6820459321, was issued by Defendant to Plaintiff to provide property insurance coverage for the Insured Property.

5.      The Federal Code of Regulations 44 C.F.R. sec 62.23 permits plaintiff to initiate this action directly in the place of the Federal Emergency Management Association.

6.      On or about September 28, 2022, the Insured Property sustained direct physical damage as a result of Hurricane Ian.

7.      The Contract described in paragraph 5 above was in full force and effect as of September 28, 2022.

8.      Defendant received complete and timely notice of the loss.

9.      Pursuant to 44 C.F.F sec. 62.23(d) and (i)(6), Defendant was responsible for arranging, adjusting' settlement, payment, and defense of all claims arising under the policy.

10.     Pursuant to 44 C.F.F sec. 62.23(i)(1), Defendant was responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

11.     Defendant issued Claim No: 382280 to the loss and assigned a field adjuster too inspect the property.

12.      Plaintiffs submitted a sworn proof of loss and estimate of damage to Defendant thus complying fully with all provisions of the policy relating to giving notice of the loss and cooperating in the investigation of the loss.

13.     Plaintiffs made a demand upon Defendant to honor its obligations under the policy and pay benefits owed to them and loss-payees/third-party beneficiaries listed on the policy.

14.     This is an action relating to Defendant's breach of Contract for its failure to properly pay the full amount of insurance proceeds owed to Plaintiff. Defendant's failure and refusal to honor the full extent of the Plaintiff's claim or pay benefits due and owing constitutes a material breach of the policy.

15.     Aa a direct and proximate result of Defendant's breach of the policy, Plaintiff have suffered add continue to suffer damages recoverable under the policy,

including repair the cost to repair and replace the damage to the dwelling and all other damages under the policy.

16.    Defendant has failed to provide complete coverage for the physical damages that occurred during the Contract period.

17.    This failure is contrary to the terms of the Contract and constitutes a breach of the Contract.

18.    Plaintiff, Carney been damaged by this breach in the form of unpaid insurance proceeds needed to restore the Insured Property to its pre-loss condition as a result of the Defendant refusing to pay the full amount owed under the Contract.

19.    Plaintiffs have performed all conditions precedent to filing this complaint.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, including but not limited to damages owed under the Contract and costs.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable.

## CERTIFICATION

Under Federal Rules of Civil Procedure 11, by signing below, I certify that to the best of my knowledge and belief that this complaint: 1. is not being presented for an improper purpose; 2. Is supported by existing law or by a nonfrivolous

argument, or reversing existing law; 3. The factual contentions have evidentiary support; and 4. The complaint otherwise complies with the requirements of Rule 11.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant.

DATED: September 19, 2023.

**KANNER & PINTALUGA, P.A.**
Attorneys Plaintiff
925 S Federal Hwy, 6th Floor
Boca Raton, FL 33432
Phone (561)892-9985
**Court Phone Number: (1-888) 824-7834**
Email: FirstPartyEservice@kpattorney.com
   dnorton@kpattorney.com


By:  /s/Daniel A. Norton
    DANIEL A. NORTON, ESQ
    FBN: 044611